UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

STONE DOOR GROUP, LLC, )
)
v. ) No. 1:19-cv-00271-TAV-CHS
)
ALEX MEADE, individually and on behalf of )
EFFECTUAL INTELLECTUAL, LLC, and )
ROI TRAINING, INC. )

## REPORT AND RECOMMENDATION[1]

### I. Introduction

Defendants Alex Meade ("Meade") and Effectual Intellectual, LLC ("Effectual") (collectively, "Defendants") move for attorney fees and expenses [Doc. 51] from Plaintiff Stone Door Group, LLC ("Stone Door" or "Plaintiff") following the Court's Order granting summary judgment in favor of Meade and Effectual. In the same motion, Defendants have moved for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).[2] The District Court referred that portion of the motion dealing solely with the issue of attorney fees to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636. For the reasons stated herein, it is **RECOMMENDED** that the Motion for Attorney Fees and expenses be **GRANTED** as to Effectual and that Effectual be awarded $70,098.48 in attorney fees and

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).
[2] Rule 54(b) permits the Court to direct final judgment as to one or more, but fewer than all, claims or parties if the Court expressly determines there is no just reason for delay.

$4,096.08 in expenses for a total of $74,194.56 and that the Motion for Attorney Fees be **DENIED** as to Meade.

II.     Background

Stone Door filed this action against Defendants alleging that Defendants breached a contract referred to as an Independent Contractor Agreement (the "Agreement"). Stone Door allegedly entered into the Agreement for the purpose of having Effectual act as an independent contractor to provide training and implementation services to Stone Door's customers. Such customers are "information technology providers."[3]  In its Memorandum Opinion and Order entered on July 9, 2021, the District Court held, *inter alia*, that Defendant Meade was not a party to the Agreement, and, therefore, he could not be held personally liable under the Agreement. [Doc. 47, Page ID # 706]. The Court then dismissed Meade as a defendant in this action. [*Id.*]. The Court also dismissed Effectual as a defendant, finding that Effectual had not breached the Agreement. [*Id.*, Page ID # 720]. Only Defendants Meade and Effectual were dismissed as defendants by the Court's July 9, 2021 Memorandum Opinion and Order. Plaintiff's claims against ROI Training, Inc., ("ROI") were not addressed by the Court at this time and those claims remained pending. Subsequently, on August 6, 2021, Meade and Effectual filed this motion for attorney fees and entry of final judgment only as to all claims brought against Meade and Effectual. Two weeks later, on August 17, 2021, the District Court dismissed all claims against ROI. [Order of Dismissal, Doc. 56].

III.    Analysis

Both Meade and Effectual seek attorney fees and expenses for successfully defending

---

[3] A more detailed recitation of the factual basis underlying Stone Door's claims against Meade and Effectual can be found in the District Court's Order granting Summary Judgment to Meade and Effectual on all Plaintiff's claims against them. [*See* Doc. 47, Page ID # 692-693].

Plaintiff's claims against them. The Agreement contains a contractual provision permitting attorney fees which states as follows:

> <u>Attorneys' Fees.</u> In the event that attorneys' fees or other costs are incurred to secure performance of any of the obligations set forth in this Agreement, to establish damages for the breach hereof or to obtain any other appropriate relief, whether by way of prosecution or defense, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs incurred therein.

[Independent Contractor Agreement, Art. IV, ¶ 4, Doc. 1-1, Page ID # 22].

In an action where the basis of the Court's subject matter jurisdiction is diversity of citizenship, claims for attorney fees are governed by state law. *MAKS Inc. General Trading and Contracting Co. v. Sterling Operations, Inc.*, No. 3:10-cv-443, 2013 WL 12121952, at *4 (E.D. Tenn. Feb. 14, 2013) (Varlan, J.) (citing *Hometown Folks, LLC v. S&B Wilson, Inc.*, 643 F.3d 520, 533 (6th Cir. 2011)). Tennessee follows the "American Rule" whereby each party bears its own attorney fees, regardless of which party prevails unless: "(1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American rule applies, allowing for recovery of such fees in a particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 309 (Tenn. 2009). The party seeking attorney fees bears the burden to show that he is entitled to the amount of fees sought. *See Wilson Mgmt. Co. v. Star Distribs. Co.*, 745 S.W.2d 870, 873 (Tenn. 1988). A court has discretion in awarding attorney fees. *Eberbach v. Eberbach*, 535 S.W. 3d 467, 478 (Tenn. 2017).

Plaintiff asserts three main reasons why the motion should be denied.[4] First, he alleges the

---

[4] In its response to the Motion for Attorney Fees, Stone Door lists eleven reasons why, it believes, Effectual and Meade are not entitled to attorney fees. To the extent that Stone Door has developed argument and briefed these reasons, the Court will address them, but all other reasons are deemed waived. "It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived." *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir.2005) (citation cleaned up), *abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 n. 1 (6th Cir. 2015) ; *see also Meridia Prods. Liab. Lit. v. Abbott Labs.*, 447 F.3d 861, 868 (6th Cir.2006) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones.") (quoting *McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir.1997)).

motion is not ripe. Second, he asserts that Meade is not a party to the contract, and, therefore, Meade cannot recover under it. Third, he argues that Effectual engaged in conduct prohibited by the Agreement and, therefore, is not entitled to fees under the fee shifting provision. Plaintiff also challenges the reasonableness of the fees sought in the event the Court does grant fees. The Court will address each argument in turn.

1. **Timing of the Motion**

Relying on Rule 54(d) of the Federal Rules of Civil Procedure, Plaintiff takes the position that Defendants' motion for attorney fees is premature because a final judgment has not been entered in this case. Rule 54(d)(2)(B) provides in relevant part:

> (B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
> (i) be filed no later than 14 days after the entry of judgment;
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award. . . .

A judgment "includes a decree and any other order from which an appeal lies." Fed. R. Civ. P. 54(a). Currently, no judgment has been entered in this case from which an appeal lies—although Defendants have requested one in their motion.

There are several reasons to reject Plaintiff's argument that the claim for attorney fees and expenses is premature. First, Rule 54(d)(2)(B)(i) requires that such a motion be made "*no later than* 14 days after entry of judgment." (Emphasis added). The plain language of the rule does not require the judgment to have been entered first. Second, Rule 54(d)(2)(B)(ii) requires the movant to "specify the judgment and the statute, rule, **OR** other grounds entitling the movant to the award." (Emphasis added). It is not required that the judgment entitling the movant to the award be specified if the movant specifies other grounds for the award. Defendants have satisfied this requirement, *to wit*, as grounds for attorney fees, they have identified: (1) the District Court's July

9, 2021 Memorandum Opinion and Order dismissing all Plaintiff's claims against them; and (2) the attorney fee provision in the Agreement. The third reason Plaintiff's argument fails is that all issues related to Plaintiff's claims against Defendants were resolved by the Court's July 9, 2021 Memorandum Opinion and Order. Any denial of this motion as premature would be without prejudice, and Defendants could simply refile the same motion after entry of final judgment. Such a requirement would create needless additional work for all concerned, and would not confer any benefit to the parties or the Court. *See Galenski v. Ford Motor Co. Pension Plan*, Case No. 05-CV-71441-DT, 2007 WL 9700741, at *2 (E.D. Mich. July 12, 2007) (finding it irrelevant that a motion for attorney fees was filed before final judgment was entered because "the substantive issues were resolved long ago"), *rev'd on other grounds,* 290 F. App'x 815 (6th Cir. 2008). Finally, the Court notes Plaintiff has cited no case authority in support of its position. In sum, the Court concludes the motion for attorney fees is not premature.

   2.   **Equitable Estoppel**

Plaintiff asserts Meade cannot recover attorney fees under the Agreement because Meade is not a party to the contract. Meade responds that Plaintiff is estopped from making this argument because Plaintiff had previously argued that Meade *was* a party to the contract—an argument the District Court unequivocally rejected in its July 9, 2021 Memorandum Opinion and Order.

It is a well settled maxim in Tennessee that "estoppel is available to protect a right, but never to create one." *Bill Brown Const. Co., Inc. v. Glen Falls Ins. Co.*, 818 S.W.2d 1, 4 (Tenn. 1991) (citing *Henry County v. Standard Oil Co.*, 71 S.W.2d 683 (Tenn. 1934) ("Estoppel can never be relied on to create a right, although it may be urged for the protection of a right."); *see also Terrell v. Terrell,* 292 S.W.2d 179, 182 (Tenn. 1956) (same); *Royal Indem. Co. v. Clingan*, 364 F.2d 154, 158 (6th Cir. 1966) (under Tennessee law, "estoppel may be urged for the protection of

a right, it can never create a right.").

Notwithstanding this well-settled maxim, Tennessee has carved out an exception to this rule: estoppel may be used to broaden the scope of an insurance policy where an insurance agent has induced a party to purchase a policy with representations that the policy provided certain coverage—even though written terms of the policy do not provide such coverage. *See e.g., Bill Brown Const. Co., Inc. v. Glen Falls Ins. Co.*, 818 S.W.2d 1. In *Glen Falls*, a trucker bought insurance from an insurance company after the company's agent represented that the policy would cover damage caused by the truck's cargo carriage. Even though the terms of the policy did not provide for that particular coverage, the Tennessee Supreme Court held the insurance company was estopped from arguing the policy did not provide such coverage because of the agent's prior representations that it did. *Id. Glen Falls* is not analogous to this case. Stone Door did not induce Defendants to enter into the contract by representing that Meade was or must be a party to the Agreement. Rather, Plaintiff's assertion that Meade was a party to the contract was not made until Plaintiff filed its lawsuit against Defendants—long after the contract was executed.

This case is more analogous to *Royal Indem. Co. v. Clingan*, 364 F.2d 154. In *Clingan*, a driver used an automobile without the express or implied permission of the automobile's owner who was the insured under the insurance policy. The driver caused an accident resulting in injuries to Mr. Clingan and his daughter, who were occupants of another vehicle. The Clingans sought coverage under the insurance policy on the car that hit them. They argued that the insurance company was estopped from asserting that the driver was not covered under the policy because, following the accident, the insurance company failed to advise the State Department of Safety[5] that the driver was not covered under the policy. The *Clingan* Court, applying Tennessee law,

---

[5] Actually, the "Director of the Division of Responsibility of the State Department of Safety," but shortened above for ease of reading.

refused to apply estoppel to the insurer's defense of noncoverage because the insurer was not required by law to report noncoverage to the State Department of Safety. In *Clingan*, the court followed the principle that estoppel "can never create a right," though estoppel may be used to protect a right. *Id.* at 158. This Court further observes that neither the insurance company nor its agent induced the insured to buy the policy with a promise that a person driving the vehicle without the insured's permission would nevertheless be covered under the policy.

As indicated, Stone Door first claimed in its complaint initiating this lawsuit that Meade was a party to the contract; however, the Court rejected that argument. Stone Door did not induce Defendants to enter into the Agreement by including some requirement that Meade be a party to the contract. Consequently, Plaintiff is not estopped at this point from arguing that Defendant Meade is not entitled to attorney fees because he was not, in fact, a party to the contract.

There are two other cases cited by Meade which bear discussion: *New Hampshire v. Maine*, 532 U.S. 742 (2001), and *Poly-Flex Const. v. Neyer, Tiseo & Hindo, Ltd.*, 600 F. Supp.2d 897 (W.D. Mich. 2009). At issue in *New Hampshire v. Maine* was whether the boundary line between the two states was in the middle of the Piscataqua River or whether New Hampshire's boundary line encompassed both sides of the river. Because New Hampshire had "agreed without reservation" in a 1977 consent decree entered by the Supreme Court that the boundary line was in the middle of the river, then New Hampshire was estopped from asserting its boundary line encompassed both sides of the river. 532 U.S. at 745, 756. In so holding, the Supreme Court stated, "where a party assumes a position in a legal proceeding, and *succeeds in maintaining that position*, he may not thereafter, simply because his interests have changed, assume a contrary position. . . ." *Id.* at 749 (emphasis added) (citation cleaned up).

In the instant case, Stone Door asserted a position in this lawsuit, *to wit*, that Meade was a

party to the Agreement; however, Stone Door did not succeed in maintaining that position. Rather, the Court dismissed all claims against Meade, specifically finding that he was not a party to the Agreement. Because Stone Door was not successful in maintaining that position, it is now free to assert a contrary position in making its argument that Meade should not be entitled to attorney fees under the provision in the Agreement.

Moreover, the Court's finding that Meade is not a party to the Agreement constitutes the law of the case—a finding which the Court cannot change for this latter stage of the litigation. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) ("Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation"); s*ee also Speer v. United States*, No. 06-CR-129(5), 2014 WL 1367076, at *1 (S.D. Ohio 2014). Thus *New Hampshire v. Maine* offers no support for Meade's position.

Finally, in *Poly-Flex Const. v. Neyer, Tiseo & Hindo, Ltd,* 600 F. Supp.2d 897 (W.D. Mich. 2009), the plaintiff brought breach of contract claims against the defendant arguing that it (the plaintiff) was an assignee under the contract and entitled to its benefits. The defendant disputed this contention. The district court dismissed the plaintiff's claims on the ground that they were barred by the applicable statute of limitations. The defendant then moved to recover attorney fees from the plaintiff pursuant to the contract. The plaintiff countered that the *defendant* should be estopped from arguing that it (the plaintiff) was a party to the contract in order to obtain attorney fees since defendant had maintained all along that the plaintiff was not an assignee to the contract. The court rejected the plaintiff's argument stating that:

> the Michigan Supreme Court holds that "the mere assertion of inconsistent positions is not sufficient to invoke estoppel...." *Paschke v. Retool Indus.*, 445 Mich. 502, 519 N.W.2d 441, 444 (1994) [ ], *followed by Morales v. State Farm Mut. Auto. Ins. Co.*, 279 Mich. App. 720, 761 N.W.2d 454, 464 (2008). Rather, there must generally be "some indication that the court in the earlier proceeding accepted that party's position as true." *Id*. Likewise, the Sixth Circuit's general rule

is that "judicial estoppel applies only when a party attempts to take 'a position inconsistent with one *successfully* and unequivocally asserted by that same party in an earlier proceeding.'"

*Id.* at 911 (emphasis added). The *Poly-flex* Court then held it was the *plaintiff* to whom estoppel should apply:

> On the contrary, the court concludes that it is [the plaintiff] which must be equitably estopped from changing positions on the validity of the [contractual assignment to the plaintiff]. After all, it is not [the defendant] which initiated this action or otherwise imposed unnecessary litigation costs on [the plaintiff]. It is [the plaintiff] which erred by bringing its claims in districts where [the defendant] was not subject to personal jurisdiction, and then by bringing [these] claims later than Michigan law permits. In so doing, [the plaintiff] unnecessarily imposed substantial legal expenses on [the defendant], all the while vigorously arguing that it was [the assignee under the contract] and thus entitled to exercise rights under the[ ] contract. Accordingly, [the plaintiff] cannot now be heard to complain that it was not a party to the contract, in order to escape responsibility for the harm which its numerous legal and tactical errors inflicted on the [defendant].

*Id.*

There is a significant difference between the *Poly-Flex* case and the instant case. In *Poly-Flex*, neither the plaintiff nor the defendant prevailed on their arguments concerning plaintiff's status as an assignee under the contract. Concomitantly, there was no judicial finding as to this issue. Rather, the *Poly-Flex* Court dismissed the plaintiff's claims on the basis that such claims were time barred. In the instant case, as previously discussed, Meade *did* prevail in convincing the Court that he was *not* a party to the Agreement. As a result, the District Court dismissed Stone Door's claims against Meade on that basis. The Court's finding that Meade was not a party to the Agreement constitutes the law of the case and remains so for this subsequent phase of the litigation. *See supra* p. 8.

Finally, the Court observes that, while it is true Stone Door caused Meade to incur "unnecessary" litigation costs, the same holds true for *all* defendants *in any case* where the defendant successfully defends an action filed against it. Under such a scenario, Tennessee law

nevertheless requires each party to bear its own attorney fees—absent a statutory or contractual basis to shift fees. The Court concludes *Poly-Flex* does not support Meade's position.[6]

### 3. Breach of Contract

Stone Door argues that Effectual breached the non-solicitation terms of its contract with Plaintiff and that it breached other sections of the contract. Therefore, argues Stone Door, Effectual is not entitled to attorney fees. Whether Effectual breached the contract has been litigated, and the Court decided these issues against Stone Door. Effectual is the prevailing party on all claims asserted against it by Stone Door. Based on the fee provision in the contract, Effectual is entitled to reasonable attorney fees.

### 4. Calculation of Reasonable Attorney Fees and Expenses

Effectual seeks $81,249.98 in attorney fees and $4,096.08.[7] The Tennessee Supreme Court has held that the determination of reasonable attorney fees is governed by Tennessee Supreme Court Rule 8, Rule of Professional Conduct 1.5. *Wright ex rel. Wright*, 337 S.W.3d 166, 176-77 (Tenn. 2011). Rule 1.5 provides:

> (a) A lawyer's fee and charges for expenses shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
>
> > (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> >
> > (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

---

[6] Meade has not been completely without recourse. If Meade contended that Stone Door brought an action against it completely unfounded in law or fact, Meade could have followed the procedures established by Rule 11 of the Federal Rules of Civil Procedure and moved to recover sanctions against Stone Door, including reasonable attorney fees.

[7] Defendants did not provide a break out of attorney fees sought and expenses sought. Defendants state in their opening brief that they seek $81,486.78 in attorney fees ***and* expenses.** [Doc. 52, Page ID # 645]. Defendant submitted several invoices with billing statements showing amounts paid and balances remaining. Combing through those documents, the Court found $4,096.08 in expenses. [*See* Doc. 52-1, Page ID # # 787, 790, 798]. $81,486.78 less $4,096.08 leaves $77,390.70 in attorney fees requested in the first brief. In their reply, Defendants requested an additional $3,859.28 in attorney fees. [Doc. 58, Page ID # 828]. Defendants did not request additional expenses in their reply and the Court saw none in the additional billing statements submitted. Thus, the total amount of attorney fees requested is $81,249.98. The total amount of fees and expenses requested is $4,096.08.

> (3) The fee customarily charged in the locality for similar legal services;
>
> (4) The amount involved and the results obtained;
>
> (5) The time limitations imposed by the client or by the circumstances;
>
> (6) The nature and length of the professional relationship with the client;
>
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services;
>
> (8) Whether the fee is fixed or contingent;
>
> (9) Prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
>
> (10) Whether the fee agreement is in writing.

Tenn. Sup. Ct. R. 8, Rule 1.5, *see also Eberbach*, 535 S.W.3d at 478 (citing Tenn. Sup. Ct. R. 8, Rule 1.5).

Effectual's attorneys are based in Kingsport, Tennessee. Lead counsel, Jesse D. Nelson, has been practicing primarily employment law since 2009. He graduated from the University of Mississippi School of Law and served as Articles Editor for the Law Review. He has presented a number of CLE seminars for the Knoxville Bar Association and Tennessee Bar on employment Law and has written scholarly articles on this subject. He has also been selected as "Mid-South Rising Star for 2021" by Super Lawyers, and served two terms on the board of the Tennessee Employment Lawyers Association. Attorney Alexander Kramer has been practicing since 2019 and graduated cum laude from Lincoln Memorial University's School of Law. He has acted as lead counsel on several cases with successful results since working with Attorney Nelson. They are each charging $295.00 per hour.

The Court has extensive experience with the practice of law in this locality and concludes that the $295 hourly rate charged by counsel is reasonable in light of the experience of the

attorneys, the issues involved, and the factual complexity of the case.

As previously discussed, Meade is not entitled to recover fees. Unfortunately, fees incurred by Effectual and fees incurred by Meade have been lumped together. Thus, before the Court can calculate fees, the Court must first address whether fees incurred by Meade should and can be parsed from those fees incurred by Effectual.

Under the common core doctrine, where a party prevails on one claim but not on another, that party is nevertheless entitled to fees on both claims if the claims share a common core of facts and related legal theories. *E Solutions For Buildings, LLC v. Knestrick Contractors, Inc.,* Case No. M2020-01189-COA-R3-CV, slip op. at 4, 2021 WL 4145397, at 4 (Tenn. Sept. 13, 2021) (citing *Green Party of Tennessee v. Hargett*, 791 F.3d 684, 697 (6th Cir. 2015)). "In other words, the common core doctrine is appropriate when it would be difficult, if not impossible, to separate the time spent on the claims on which [the plaintiff] failed from the time spent on the successful claim." *E Solutions*, 2021 WL 4145397, at 4 (citation cleaned up) (brackets original).

Of course, the scenario in this case is a bit different since the Court is not addressing a prevailing plaintiff but rather is addressing two successful defendants, one who can recover (the "eligible defendant") and one who cannot recover (the "ineligible defendant") as a matter of law. But the same basic principle should apply. Any legal work performed for the ineligible defendant for a defense strategy which shares a common core of facts with, and is based on similar legal theories as, the defense strategy employed by the eligible defendant, is recoverable under the common core doctrine. Stated another way, if both successful defense strategies, one recoverable and one not, had a common core of facts and were based on related legal theories, then the fees incurred for all the work is recoverable. However, to the extent work performed for the ineligible defendant is separate and severable and does not benefit the eligible defendant, fees for such work

should be excluded from the total fee award. Fees are not, however, to be reduced by the ratio of defense strategies for which a recovery can be obtained to the defense strategies for which recovery cannot be obtained. *Green Party of Tennessee v. Hargett*, 767 F.3d 533, 553 (6th Cir. 2014) ("In no case should a court reduce the full fee award 'simply by using a ratio of successful claims to claims raised.'") (quoting *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822 (6th Cir. 2013)).

Both Effectual and Meade were sued for breach of the same contract, and, at all times relevant, Meade was Effectual's only member. Effectual acted only though Meade. Thus the Court concludes that the breach of contract claims against both defendants were based primarily on the same common core of facts and related legal theories. However, as will be noted, the defense strategies for Effectual and Meade on occasion diverged and, in such instances, fees cannot be recovered for a defense strategy attributable to Meade only. With those guidelines in mind, the Court will address Effectual's request for fees.

Meade filed his own answer which was independent of the answer filed by Effectual, and, accordingly, Effectual has identified three entries pertaining to Meade's answer that it concedes apply to Meade only:

CHART 1

| Date | Entry | Time | Amount in dollars | Amount Disallowed |
|---|---|---|---|---|
| 11-6-19 | Broke into separate pleadings the draft answer originally prepared for both defendants (see also time entries on 10/14 and 10/16). 3 hours. | 3 | $885 | $885 |
| 11-11-19 | Finalized each Defendant's Answer (approximately one half for Meade). 0.3 hours. | .3 | $88.5 | $88.5 |
| 12-6-19 to 01-03-20 | Finalized each Defendant's Answer (approximately one half for Meade). 0.3 hours. | 2 | $590 | $590 |

| Total | | 5.3 | | $1,563.50 |
|---|---|---|---|---|

Effectual argues that the remaining work performed in discovery and litigation would apply to both Meade and Effectual because the work concerned the same legal theory, i.e., breach of contract, and a core of common facts. However, Meade's and Effectual's common questions of law and fact diverge in some respects in their separate answers, in their joint motion for summary judgment, and in the motion for attorney fees. Since Meade filed a separate answer to the complaint, preparing and drafting that answer would have been attributable to Meade alone. Meade also sought summary judgment on the basis that he was not a party to the contract at issue, a defense strategy completely separate from the one Effectual advanced to obtain summary judgment, i.e., that Effectual's conduct did not breach the contract. Research and writing as to whether Meade was a party to the contract cannot be attributable to Effectual. Further, in the motion for attorney fees, Meade sought fees asserting that, because Stone Door had previously argued Meade *was* a party to the contract, then Stone Door was estopped from arguing Meade cannot recover fees under the contract, and, concomitantly, Meade could recover fees. This estoppel argument had no application to Effectual's request for attorney fees, and any research and writing as to this issue is not applicable to Effectual.

As previously stated, Effectual bears the burden to show that it is entitled to the fees sought. As indicated, Effectual did not differentiate in its narrative time entries which work related only to Meade, which work related only to Effectual, and which work related to both Effectual *and* Meade. This omission leaves the Court with the task of determining a reasonable and equitable manner to award fees which takes into account those fees incurred by Meade which are severable from those fees incurred by Effectual. To this end, the Court has reviewed: (1) the parties'

respective answers; (2) the District Court's Memorandum Opinion and Order granting Meade and Effectual summary judgment and their briefs in support; and (3) the Defendants' Motion for Attorney Fees and briefs in support. Based upon this information, the Court concludes that a third of the fees for these matters can be reasonably attributed to Meade only. Therefore, the Court will recommend reducing said fees by one third except where the Court can determine a different amount should be excluded.[8] The chart below shows the fee entries at issue, the time billed for each entry, and the amount disallowed as being applicable to Meade only.[9]

CHART 2

| Date | Entry | Hours | Amount billed and deduction percentage | Amount disallowed |
|---|---|---|---|---|
| 10-11-19[10] | In-depth analysis of Complaint and client's written thoughts and/or comments regarding same. | 1.1 | $324.50 x .33 | $107.09 |
| 10-14-19 | Began preparing Answer | 1.30 | $383.50 x .33 | $126.56 |
| 10-16-19 | Finalized draft of Answer for review with client (3.1) | 3.1 | $914.50 X .33 | $301.79 |
| 8-24-20 | Began in-depth research re: specific arguments to raise in summary judgment motion and compilation of case law to support same (2.3) | 2.3 | $678.50 x .33 | $223.90 |
| 8-26-20 | Continue drafting memo in support of motion for summary judgment, including research for case citations for each statement of law | 2.7 | $796.50 x .33 | $262.85 |
| 8-27-20 | Continued preparing memo in support of motion for summary judgment | 3.10 | $914.50 x .33 | $301.79 |
| 9-2-20 | Continued preparing memorandum in support of motion for summary judgment | 3.00 | $885.00 x .33 | $292.05 |

---

[8] The other alternative is simply to disallow these fees because the Court cannot with precision excise those fees to which Effectual is not entitled.
[9] The entries are written as they appear on Effectual's invoices.
[10] This entry (10-11-19) and the entries for 10-14-19 and 10-16-19 were billed at $325.00 per hour on the invoice. [Doc. 52-1, Page ID # 766]. However, the Court will only allow a billing rate of $295.00. The difference between what was billed at $325.00 per hour and $295.00 per hour is $165.00. That amount will also be disallowed from the final fee award.

| Date | Description | Hours | Amount | Total |
|---|---|---|---|---|
| | (3.0) | | | |
| 9-17-20 | Cont. preparing Motion for SJ (5.1) | 5.1 | $1,504.50 x .33 | $496.49 |
| 9-21-20 | Began preparing Declaration of Alex Meade in support of motion for summary judgment, including compiling necessary appendices thereto, referencing correct biographical information, etc. | 4.80 | $1,416.00 x .33 | $467.28 |
| 9-23-20 | Continued preparing Motion for SJ | 5.90 | $1,740.50 x .33 | $574.37 |
| 9-24-20 | Finalized all drafting, case citations, researching for related points of law, etc. for Memo in Support of Motion for SJ (14.5); TC from, and finalized Declaration of, Alex Meade re: contents of Decl. (.3); Prepared Motion for SJ to which Memo related (.3) | 15.10 | $4,454.50 x .33 | $1,469.99 |
| 10-16-20 | Rec. and analysis of Pl's Resp. to Motion for SJ | .40 | $118.00 x .33 | $38.94 |
| 10-20-20 | Began preparing Reply brief to Plaintiff's response to summary judgment motion | 6.80 | $2,006.00 x .33 | $661.98 |
| 10-21-20 | Continued research and drafting re: Reply to Pl's Resp. to SJ | 3.60 | $1,062.00 x .33 | $350.46 |
| 10-22-20 | Finalized Defs' Reply to Pl's SJ Response, and filed same via ECF | 4.70 | $1,386.50 x .33 | $457.55 |
| 6-29-21 | Analysis of 6th Cir. opinion released yesterday having applicability to argument that non-signatories are not parties to contract, for possible supplementation to district court. | .3 | $88.50 x 1 | $88.50 |
| 8-2-21 | Continued researching issues for atty fee motion (e.g., distinction between judicial and equitable estoppel, etc.) (1.8); Began preparing Memo in Support of same (4.0) | 5.80 | $1,711.00 x .33 | $564.63 |
| 8-04-21 | Continued preparing Motion for Attorney Fees (2.0) | 2.00 | $590.00 x .33 | $194.70 |
| 8-5-21 | Legal research of numerous matters to raise and cite in motion for attorney fees and costs, including whether counterclaim must proceed to trial or another summary judgment, distinction between federal and Tennessee law as to reasonable fee, etc. (2.9); Continued drafting Memo in Support of Mot for Atty Fees (6.1) | 9.00 | $2,655.00 x .33 | $876.15 |
| 8-6-21 | Finalized Memo in Support of same (5.4) | 5.4 | $1,593.00 | $525.69 |

|  |  |  | x .33 |  |
|---|---|---|---|---|
| 8-23-21 | Rec. and analysis of Pl's reply to motion for atty fees and to enter final judgment (filed on 8/20) | .3 | $88.50 x .33 | $29.21 |
| 8-26-21 | Began preparing Reply to Pl's Response to motion for Attorney Fees and Expenses, Incl. brief legal research of arguments raised by Pl. | 4.4 | $1,298.00 x .33 | $428.34 |
| 8-27-21 | Prepared Suppl. Decl. in support of motion for attorney fees (.4); Continued preparing and finalized reply to Pl's response to motion for attorney fees and to enter final judgment (5.0) | 5.40 | $1,593.00 x .33 | $525.69 |
| Total Amount | Related to Answer, MSJ, and Motion for Atty Fees and Attributable to Meade only |  |  | $9,366.00 |

Stone Door also argues that time entries to download documents into a pdf format reflect secretarial work which cannot be recovered. The parties are in agreement that fees incurred for secretarial work cannot be recovered but disagree as to which entries are secretarial work. The Court finds the entries for following dates to download a document to pdf format to be secretarial work: 9-25-20, 10-20-20, 10-23-20, and 11-02-20, totaling fees in the amount of $57.00.

The following entries reflect time billed for analyzing documents received from the client and converting documents to pdf format for purposes of discovery production: 12-18-19, 1-31-20, and 2-3-20. According to Effectual, this preparation required reviewing documents for confidentiality and ordering documents so that they were responsive to discovery requests. The 12-18-19 entry for .50 hours at $95.00 per hour was not discounted. The 01-31-20 entry for 2.60 hours at $295.00 per hour was discounted 50% and the 02-03-20 entry for 2.30 hours at $295.00 per hour was discounted by 70%. The Court does not recommend cutting those fees as legal analysis was required.

In sum, the total amount of fees sought by Effectual is $81,249.98. That amount should be reduced as follows to reach a total amount of attorney fees as indicated below:

| | |
|---|---|
| Total Fees Sought | $81,249.98 |
| Fees from CHART 1 | -$1,563.50 |
| Fees from CHART 2 | -$9,366.00 |
| Fees for secretarial work | -$57.00 |
| Excess of Fees billed at $325 per hour | -$165.00 (see footnote 9) |
| Total Fees Allowed | $70,098.48 |

Expenses total $4,096.08 and are for items like deposition costs and travel. [*See* Doc. 52-1, Page ID # # 787, 790, 798]. These fees are not challenged, and the Court finds them to be reasonable.

## IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that the Motion for Attorney Fees and Expenses be **GRANTED** as to Effectual and **DENIED** as to Alex Mead and further that:

1. Effectual be **AWARDED** attorney fees from Stone Door in the amount of $70,098.48 and that

2. Effectual be **AWARDED** expenses from Stone Door in the amount of $4,096.08 and court costs.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE